1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re RICKARD D. ANDERSON,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. C 04-3885 SBA (pr)      No. C 04-4430 SBA (pr)
No. C 04-3886 SBA (pr)      No. C 04-4432 SBA (pr)
No. C 04-4111 SBA (pr)      No. C 04-4433 SBA (pr)
No. C 04-4211 SBA (pr)      No. C 04-4531 SBA (pr)
No. C 04-4212 SBA (pr)      No. C 04-4532 SBA (pr)
No. C 04-4234 SBA (pr)      No. C 04-4533 SBA (pr)
No. C 04-4235 SBA (pr)      No. C 04-4534 SBA (pr)
No. C 04-4256 SBA (pr)      No. C 04-4535 SBA (pr)
No. C 04-4383 SBA (pr)      No. C 04-4550 SBA (pr)
No. C 04-4414 SBA (pr)      No. C 04-4625 SBA (pr)
No. C 04-4429 SBA (pr)

**ORDER OF**
**DISMISSAL**

Plaintiff Rickard D. Anderson, a state prisoner and frequent litigant in federal court, filed the above-referenced "complaints" filled with nonsensical phrases with no clear relationship to each other. Section 1915A requires a federal court to engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The section applies even if the prisoner has not been granted leave to proceed in forma pauperis.  See Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999) (joining Second, Fifth, Sixth and Tenth Circuits in holding that § 1915A applies even when prisoner pays full fee at outset).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),(2).

Nowhere does Plaintiff assert identifiable causes of action or make coherent factual allegations that could give rise to a valid cause of action.  In addition, Plaintiff has filed well over one hundred complaints in this Court since 2003, all of which have been unintelligible.  The Court finds that Plaintiff's complaints are numerous and frivolous.  It is difficult to ascertain from Plaintiff's complaints who he is seeking relief from or what relief he is seeking.  These filings serve no reasonable litigation purpose, and they impose an unreasonable burden on the Court and its staff.  Furthermore, based on Plaintiff's past history of failing to respond to this Court's orders to amend unintelligible complaints, the Court finds that

1  granting Plaintiff leave to amend would be futile.

2       Accordingly, Plaintiff's incomprehensible complaints are DISMISSED as frivolous because they

3  are without an arguable basis in law.   See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989) (a

4  complaint that is totally incomprehensible is subject to dismissal as frivolous for lacking an arguable basis

5  in law).  All pending motions are TERMINATED.  No filing fee is due.  The Clerk of the Court shall

6  close the files.

7       IT IS SO ORDERED.

8

9  DATED: _____

10                                              _____
                                                SAUNDRA BROWN ARMSTRONG
11                                              United States District Judge

**United States District Court**
For the Northern District of California